UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Eastern District of Kentucky
FILED
DEC 10 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

LEONARD LOVE, )
)
Petitioner, ) Civil No. 0: 19-076-HRW
)
v. )
)
JASON C. STREEVAL, ) **OPINION AND ORDER**
)
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Leonard Love filed a *pro se* petition for a writ of habeas corpus in this action to challenge the imposition of sanctions against him following a disciplinary conviction for inappropriate conduct directed towards a staff member. [D. E. No. 1] The warden responds that the petition has been rendered moot because the Bureau of Prisons has since expunged the conviction and restored Love's good conduct time ("GCT"). [D. E. No. 11] Love has not filed a reply and the deadline to do so has passed. See [D. E. No. 5] Because the challenged disciplinary conviction has been vacated and Love's GCT restored, the Court will dismiss the petition as moot.

In October 2018, the BOP issued an Incident Report charging Love with sending an e-mail containing a sexual advance towards a staff member. During the disciplinary hearing Love asserted that he hadn't sent the e-mail, and that when it

1

was sent he was talking with his girlfriend on the prison phone. The hearing officer nonetheless found Love guilty because the e-mail was sent from the e-mail account assigned to Love, and imposed various sanctions including the forfeiture of GCT. Love appealed without success. [D. E. No. 11-1 at 2-8] Love filed his habeas corpus petition in this action to challenge the disciplinary conviction in August 2019. [D. E. No. 1] Three weeks after the Court ordered the warden to file a response [D. E. No. 5], the BOP amended the disciplinary report to find Love guilty of a lesser offense for failing to safeguard his e-mail account from use by others. The previously-forfeit GCT was restored, and the other sanctions had already been satisfied at that point. [D. E. No. 11-1 at 6, 40-42]

A case becomes moot when an intervening event eradicates the effects of the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). When that happens, the case must be dismissed because there is simply no work for the Court to do. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Where, as here, the BOP restores the previously-forfeited good time at issue, a habeas corpus petition challenging the underlying conviction is rendered moot and must be dismissed. See, e.g., *Jenkins v. Federal Bureau of Prisons*, No. 2: 17-CV1951-AKK-JEO, 2018 WL 992057, at *2-3 (N.D. Ala. Jan. 11, 2018) (collecting cases and holding that inmate's claims were

2

rendered moot where BOP expunged inmate's disciplinary conviction and rescinded sanctions); *Kass v. Reno*, 83 F. 3d 1186, 1196 (10th Cir. 1996).

Accordingly, it is **ORDERED** as follows:

1. Love's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED AS MOOT**.

2. This matter is **STRICKEN** from the active docket.

This the 10th day of December, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge